IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-36 T
(Senior Judge Eric G. Bruggink)

RUSSIAN RECOVERY FUND LIMITED, by
and through BRACEBRIDGE CAPITAL, L.L.C.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# ANSWER

COMES NOW the defendant, the United States of America, and in answer to the complaint, respectfully denies each and every allegation contained in the complaint that is not expressly admitted below.

The United States further:

1. States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 1 other than the employer identification number set forth therein.

2. States that the allegations in paragraph 2 constitute legal argument to which no response is required.

3. States that a parallel complaint was filed as alleged in paragraph 3 and

states further that the remaining allegations in paragraph 3 constitute legal argument to which no response is required.

4. Admits the allegations in paragraph 4 regarding the employer identification number of Russian Recovery Fund Limited and its election to be taxed as a partnership; states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 4.

5. States that the return described in paragraph 5 was received by the Internal Revenue Service on August 17, 2001.

6. Admits the allegations in paragraph 6.

7. Admits that if jurisdiction exists, it arises under 28 U.S.C. § 1508 and 26 U.S.C. § 6226 (a) and (b). States that the allegations in the second sentence of paragraph 7 constitute legal argument to which no response is required.

8. States that a deposit of $750,000 is reflected in the records of the IRS for Bracebridge Capital for the date alleged in paragraph 8 and states that the remaining allegations in paragraph 8 constitute legal argument to which no response is required.

9. (a) through (g): States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in sub-paragraphs (a) through (g);

(h) States that the return described in paragraph 8(h) was received by the Internal Revenue Service on August 16, 2002, and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in sub-paragraph (h);

(i) and (j) Admits the allegations in sub-paragraphs (i) and (j).

10. Denies the allegations in paragraph 10.

11. Denies that the IRS erred in making its determinations and states that the remaining allegations in paragraph 11 constitute legal argument to which no response is required.

12. Denies that the IRS erred in making its determinations and states that the remaining allegations in paragraph 12 constitute legal argument to which no response is required.

WHEREFORE, the defendant prays that the Court sustain the determinations made by the Internal Revenue Service, that costs be taxed against the plaintiff, and that the Court award the United States of America such other and further relief as the Court deems appropriate, including costs.

Respectfully submitted,

s/Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
(202) 307-6580

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/Steven I. Frahm
Of Counsel

May 10, 2006